UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

FREDERICK J. NERONI,

              Plaintiff,

v.

ROBERT D. MAYBERGER, in his capacity as the
Court Clerk, Appellate Division, Third Judicial
Department; COMMITTEE ON PROFESSIONAL
STANDARDS, New York State Supreme Court,
Appellate Division, Third Judicial Department; and
KAREN PETERS, in her official capacity as Chief
Judge, Appellate Division, Third Judicial Department,

              Defendants.
_____

3:13-CV-1339
(GTS/DEP)

APPEARANCES:

FREDERICK J. NERONI
  Plaintiff, *Pro Se*
203 Main Street
Delhi, NY 13753

HON. ERIC T. SCHNEIDERMAN
Attorney General for the State of New York
  Counsel for Defendants
The Capitol
Albany, NY 12224

OF COUNSEL:

BRUCE J. BOIVIN, ESQ.
Assistant Attorney General

GLENN T. SUDDABY, United States District Judge

## **DECISION and ORDER**

        Currently before the Court, in this *pro se* civil rights action filed by Frederick J. Neroni ("Plaintiff") against New York State Appellate Division Third Department Chief Clerk Robert D. Mayberger, the Third Department Committee on Professional Standards, and Third Department Chief Judge Karen Peters ("Defendants"), is Defendants' motion to dismiss

Plaintiff's Complaint for lack of subject-matter jurisdiction and failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(1),(6). (Dkt. No. 9.) For the reasons set forth below, Defendants' motion is granted, and Plaintiff's Complaint is dismissed.

I.     **RELEVANT BACKGROUND**

    A.     **Plaintiff's Complaint**

Generally, liberally construed, Plaintiff's Complaint alleges that Defendant Mayberger created an "irreconcilable conflict of interest" that "strip[ped] the Appellate Division Third Judicial Department of authority to adjudicate [Plaintiff's] attorney disciplinary case[]," or at least created "an appearance of impropriety of constitutional proportions that should have prevented [the] Appellate Division Third Department from deciding Plaintiff's disciplinary case," when, in 2010 and 2011, Mayberger simultaneously (a) oversaw the attorney discipline proceeding Defendant Third Department's Committee on Professional Standards (or "COPS) brought against Plaintiff and (b) served as Chief Clerk of "the court which is supposed to be the neutral adjudicator of attorney discipline" (culminating in Mayberger's signing the decision to disbar Plaintiff on July 7, 2011). (Dkt. No. 1.) Based on these factual allegations, Plaintiff's Complaint asserts two claims against Defendants: (1) a claim that Defendants violated Plaintiff's right to due process under the Fifth and Fourteenth Amendments and 42 U.S.C. § 1983; and (2) a claim that Defendants violated Plaintiff's right to equal protection of the laws under the Fourteenth Amendment and 42 U.S.C. § 1983. (*Id*.) As relief for these alleged violations, Plaintiff's Complaint requests (a) an injunction that enjoins Defendants from enforcing the order of disbarment dated July 7, 2011, and restores Plaintiff's law license, and (b) a judgment declaring that the order of disbarment was "adjudicated without authority by a tribunal-advocate in violation of Plaintiff's due process [rights]." (*Id*.)

B.  Parties' Briefing on Defendants' Motion

Generally, in their memorandum of law in chief, Defendants assert six arguments: (1) Defendant Mayberger is immune from suit pursuant to the doctrine of quasi-judicial immunity; (2) Defendant Peters is immune from suit pursuant to the doctrine of absolute judicial immunity; (3) Defendant COPS is not a "person" within the meaning of 42 U.S.C. § 1983 and is immune from suit by virtue of sovereign immunity under the Eleventh Amendment, which protects state agencies and departments as well as the state itself; (4) in any event, the Court lacks jurisdiction to entertain Plaintiff's claims pursuant to the *Rooker-Feldman* doctrine because, to entertain Plaintiff's requests for relief, the Court would have to examine and re-decide the state court disbarment proceeding that give rise to the allegations in the Complaint; (5) in any event, the Court should decline to exercise subject-matter jurisdiction over Plaintiff's claims pursuant to the *Younger* abstention doctrine, because (a) the Supreme Court has recognized that comity abstention may be warranted even where no state proceedings are pending, and (b) the relief requested by Plaintiff constitutes intrusive and unworkable involvement in state sovereign matters; and (6) finally, to the extent that Plaintiff bases his due process claim on the Fifth Amendment, that claim should be dismissed because on the alternative ground that the Fifth Amendment applies only to federal, not state, actors. (Dkt. No. 9, Attach. 2 [Defs.' Memo. of Law].)

Generally, in his opposition memorandum of law, Plaintiff asserts five arguments: (1) Defendant Mayberger is not immune from suit pursuant to the doctrine of quasi-judicial immunity because he is not sued in his quasi-judicial capacity but in his administrative capacity as the supervisor of the attorney discipline program in the Third Department, which does not

involve a "discretionary act of a judicial nature"; (2) Defendant Peters is not immune from suit pursuant to the doctrine of absolute judicial immunity because she is not sued entirely in her judicial capacity but in her administrative capacity as the supervisor of Defendant Mayberger and thus the ultimate supervisor of the attorney discipline program in the Third Department (which includes supervision of not only adjudication but also investigation and prosecution); (3) Defendant COPS is a "person" under 42 U.S.C. § 1983 because the Supreme Court construes that statute as applying to "state actors," and COPS is part of a political subdivision of the State of New York (thus removing it from the reach of the Eleventh Amendment); (4) the *Rooker-Feldman* doctrine does not apply to Plaintiff's claims because (a) it applies only during appeals, and Plaintiff's case is not an appeal, and (b) it does not bar a challenge to the constitutionality of a rule upon which a state court order was based; and (5) the *Younger* abstention doctrine does not apply to Plaintiff's claims because there are no state court proceedings currently pending or about to commence. (Dkt. No. 10 [Plf.'s Opp'n Memo. of Law].)

Generally, in their reply memorandum of law, Defendants assert six arguments: (1) Plaintiff's quasi-judicial immunity argument fails because, regardless of how Plaintiff attempts to package his claims against Defendant Mayberger, the relief he seeks based on those claims relates to the role Mayberger played (if any) in the judicial action of Plaintiff's disbarment; (2) Plaintiff's judicial immunity argument fails because the relief he seeks based on his claims against Defendant Peters is an order from this Court voiding an order of disbarment issued by Peters' court, which issuance was clearly judicial in nature; (3) Plaintiff's state-actor argument fails because that argument is based on the assertion that the Eleventh Amendment does not apply to state agencies and departments (which assertion Defendants explained in their

memorandum of law in chief is incorrect); (4) Plaintiff's *Rooker-Feldman* doctrine argument fails because (a) he is effectively appealing the Third Department's order of disbarment and (b) page 8 of the decision case attached by Plaintiff to his opposition memorandum of law (*Neroni v. Zayas*, 13-CV-0127, Decision and Order [N.D.N.Y. filed March 31, 2014] [Kahn, J.]) specifically found that the *Rooker-Feldman* doctrine deprived the Court of "subject matter jurisdiction over any claims seeking to overturn the Disbarment Order"; (5) Plaintiff's *Younger* abstention doctrine argument fails because that argument is based on the assertion that the doctrine applies only where the state court proceedings are currently pending (which assertion Defendants explained in their memorandum of law in chief is incorrect); and (6) Plaintiff fails to respond to Defendants' challenge to Plaintiff's due process claim under the Fifth Amendment, thus conceding the merit of that challenge. (Dkt. No. 11 [Defs.' Reply Memo. of Law].)[1]

## II. GOVERNING LEGAL STANDARDS

Because the parties have, in their memoranda of law, demonstrated an accurate understanding of the legal standards governing Plaintiff's claims and Defendants' motion, the Court will not repeat those legal standards in this Decision and Order, which is intended primarily for the review of the parties.

---

[1] In addition, Defendants request that the Court strike Plaintiff's opposition memorandum of law on the ground of untimeliness. (Dkt. No. 11 [Defs.' Reply Memo. of Law].) Defendants are correct that Plaintiff's opposition papers were due on April 14, 2014, and that he did not file them until April 30, 2014. (Dkt. Entry dated 03/28/2014; Dkt. No. 10.) While ordinarily the Court might grant Defendants' request to strike, here it is not inclined to do so, given (1) the lack of a showing of prejudice to Defendants, and (2) the immateriality of opposition memorandum of law under the circumstances.

## III. ANALYSIS

After carefully considering the matter, the Court grants Defendants' motion to dismiss for each of the alternative reasons stated in their memoranda of law. *See, supra,* Part I.B. of this Decision and Order. To those reasons the Court would add only four points.

First, no need exists to afford Plaintiff the special solicitude that is ordinarily afforded *pro se* litigants given the fact that he is a graduate of Albany Law School who was admitted to the New York State Bar in 1974 (although he was disbarred in 2011). (Dkt. No. 1, at ¶ 3 [Plf.'s Compl.]; Dkt. No. 10, at 11 [Plf.'s Opp'n Memo. of Law].) *See also Harbulak v. Suffolk,* 654 F.2d 194, 198 (2d Cir. 1981); *United States v. Fritzsch*, 12-CV-0906, 2014 WL 3928452, *5 (N.D.N.Y. Aug. 12, 2014); *Bruno v. City of Schenectady Cnty.*, 12-CV-0285, 2014 WL 2707962, at *4 (N.D.N.Y. June 16, 2014); *Davey v. Dolan*, 453 F. Supp. 2d 749, 754 (S.D.N.Y. 2006); *Guardino v. Am. Sav. & Loan Ass'n*, 593 F. Supp. 691, 694 (E.D.N.Y. 1984).

Second, by failing to oppose Defendants' challenge to his Fifth Amendment claim, Plaintiff has lightened Defendants' burden with regard to that challenge so that, in order to succeed on that challenge, they need only show that the challenge possesses facial merit, which has appropriately been characterized as a "modest" burden.[2] They have met that modest burden. Alternative, the Court can, and does, deem the challenged claim abandoned (regardless of the facial merit of the unresponded-to argument).[3]

---

[2] *See* N.D.N.Y. L.R. 7.1(b)(3) ("Where a properly filed motion is unopposed and the Court determined that the moving party has met to demonstrate entitlement to the relief requested therein . . . ."); *Rusyniak v. Gensini*, 07-CV-0279, 2009 WL 3672105, at *1, n.1 (N.D.N.Y. Oct. 30, 2009) (Suddaby, J.) (collecting cases); *Este-Green v. Astrue*, 09-CV-0722, 2009 WL2473509, at *2 & nn.2, 3 (N.D.N.Y. Aug. 7, 2009) (Suddaby, J.) (collecting cases).

[3] *See Jackson v. Federal Exp.*, No. 12-1475, 2014 WL 4412333, at *6 (2d Cir. 2014) ("Where a partial response to a motion is made– i.e., referencing some claims or defenses

Third, in addition to relying on the cases cited by Defendants, the Court relies on two recent decisions by the Second Circuit. *See Peters v. Neroni*, No. 13-4772, Summary Order (2d Cir. issued March 26, 2015) (recognizing applicability of *Younger* abstention doctrine to state-initiated disciplinary proceedings against lawyers for violation of state ethics rules); *Neroni v. Coccoma*, 591 F. App'x 28, 30 (2d Cir. Jan. 30, 2015) ("[W]e have consistently extended quasi-judicial immunity to attorney disciplinary committees.").

Fourth, ordinarily, the Court might grant Plaintiff leave to amend his Complaint before dismissing his action. However, setting aside the fact that Plaintiff (an experienced attorney) has not requested leave to amend his Complaint, the Court finds that the defects in his claims are substantive rather than merely formal, such that any amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with Cuoco's causes of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied."); *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) ("Where it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend."); *Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) ("[T]he court need not grant leave to amend where it appears that amendment would prove to be unproductive or futile.").

---

but not others–a distinction between *pro se* and counseled responses is appropriate. In the case of a *pro se*, the district court should examine every claim or defense with a view to determining whether summary judgment is legally and factually appropriate. In contrast, in the case of a counseled party, a court may, when appropriate, infer from a party's partial opposition that relevant claims or defenses that are not defended have been abandoned. In all cases in which summary judgment is granted, the district court must provide an explanation sufficient to allow appellate review. This explanation should, where appropriate, include a finding of abandonment of undefended claims or defenses.").

**ACCORDINGLY**, it is

**ORDERED** that Defendants' motion to dismiss Plaintiff's Complaint for lack of subject-matter jurisdiction and failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(1),(6) (Dkt. No. 9) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated: March 27, 2015
Syracuse, New York

*/s/ Glenn T. Suddaby*
Hon. Glenn T. Suddaby
U.S. District Judge